## SUPREME COURT.

### RICHARD TEN BROECK agt. ALBERT G. SLOO.

*It seems,* that neither proceedings supplementary to execution under the Code, nor a judgment-creditor's bill, is intended to reach any action for a tort, or for any wrong or injury which is not founded on contract, and in which damages could not be ascertained, except through the intervention of a jury.

But an action in the United States court, in a suit in equity, in favor of a judgment-debtor, founded on a contract only, and in which nothing can be recovered except a precise sum, where nothing like punitive damages can be given, may be reached by these supplementary proceedings, and a receiver appointed to obtain the avails for the benefit of the creditors of such judgment-debtor. Such a right, or chose in action, is "property," and will pass to executors, and may be assigned, and is recoverable without leaving the amount to the discretion of a jury.

Where the judgment-debtor has an *annuity* payable to him, the plaintiff in these proceedings has a right to have the annuity itself secured to him, unless he chooses to take an *assignment* of an *interest* in it.

*At Chambers, New-York, Nov.,* 1855.

MOTION by defendant to vacate order appointing receiver in proceedings supplementary to execution.

FRANCIS B. CUTTING, *for motion.*
HORACE F. CLARK, *opposed.*

MITCHELL, Justice. The defendant is a judgment-debtor, and on proceedings supplementary to execution he disclosed

Ten Broeck agt. Sloo.

that he had an annuity of $25,000, to continue for some five years, and an interest in a steamship company under a contract, under which he claims that the amount now due to him, either in money or in vessels, is over one million of dollars. This last right is being prosecuted by him now in the United States courts; and he there also claims that the defendants are accountable to him for still larger sums for their misfeasance, or malfeasance, in relation to that contract. A receiver was appointed as well of this annuity as of the defendant's rights under that contract.

The defendant moves to vacate the order; and it has been ably argued, that neither the Code nor the judgment-creditor's bill is intended to reach all manner of actions; but only such as admit of a strict numerical computation. It may be that they do not reach any action for a tort, or for any wrong or injury which is not founded on contract, and in which damages could not be ascertained, except through the intervention of a jury. (*See Davenport* agt. *Ludlow*, 3 *Code Rep.* 66.) But the action in the United States court is in a suit in equity, and is founded on a contract only, and in it nothing can be recovered except the precise sum which this defendant will show that he could have obtained, if the defendants in that suit had fully carried out their agreement. Nothing like punitive damages will be given.

The Code (§ 292) requires the judgment-debtor, if execution is returned unsatisfied, " to appear and answer concerning his *property;*" and if the execution is only issued, and it appears that he has *property*, which he unjustly refuses to apply towards satisfaction of the judgment, he must also answer as to the same. And by § 298 the judge may, by order, appoint a receiver of the *property* of the judgment-debtor, in the same manner, and with the like effect, as if the appointment was made by the court according to § 244.

By § 244, a receiver may be appointed when an execution has been returned unsatisfied, and the judgment-debtor refuses to apply his property in satisfaction of the judgment; and also in such other cases as were previously provided by law, or were

according to the previously existing practice, except as other-wise provided in the Code. It was in conformity with the former practice always to appoint a receiver of the judgment-debtor's property, when property was discovered on a judg-ment-creditor's bill which could not be reached by the execu-tion, and the judgment-debtor did not apply it to the satisfac-tion of the judgment. This appointment is therefore sanc-tioned by § 244.

As to what is meant by "property" in these sections, the Code itself answers the question. In §§ 462, 463, 464, it de-fines "real property," when used in that act, as co-extensive with "lands, tenements and hereditaments"—personal prop-erty, as including "money, goods, chattels, things in action and evidences of debt"—and property, as including both real and personal property. The words "chose in action" might be broad enough to include even actions for damages in torts, were it not that they probably have never been regarded strictly as property, nor as assignable; and were it not also for the associates of these words. But neither of these reasons will apply to a right of action founded on a contract, and in which nothing can be recovered except profits actually made, or which would have been made but for the fault of the parties who are accountable. That right is property which will pass to execu-tors, and which may be assigned, and is recoverable without leaving the amount to the discretion of a jury.

The plaintiff's judgment is about $11,000; the annuity has been assigned by the defendant to the extent of $6,000 per annum. He is willing to give orders for the annuity as it shall accrue; but the plaintiff's right is to have the annuity itself secured to him until he be paid. If he chooses to take an as-signment of an interest in that annuity, payable out of any arrears thereof, and out of the first instalments hereafter to ac-crue, sufficient to pay his judgment with interest, the defendant must assign it to him. If he will not be contented with that, or the defendant will not make an assignment, the order ap-pointing the receiver of both properties must stand, but with modification which may be necessary to prevent a sacrifice of

the defendant's property, to the injury of his creditors as well as of himself.

It has been held that, under the Code, the judge cannot require any assignment, but can only appoint the receiver, and leave him then to serve under the title derived from his office merely. In this case, it might abate the suit in the United States court to direct an assignment by the defendant of the cause of action under prosecution in that court; but it probably will not cause any difficulty to leave the receivership as it is. The receiver, therefore, may be expressly instructed not to sell, assign, or in any way dispose of the said annuity, or the said claim in suit, without the special leave of the court, on a notice of at least ten days to both parties in this suit, or to their attorneys—and not to interfere in the conducting of the suit brought by the defendant, unless ordered by the court, after like notice, and on its appearing to the court that such inter- ference is necessary; and the defendant should be enjoined from compromising or compounding that suit, and from making any assignment or other disposition of it, or of the rights claimed in it, or of the annuity, without further order of the court, on like notice, until the plaintiff's judgment and interest be fully paid.

The defendant should pay the costs of this motion, $10, and also $25 costs on supplementary proceedings.